Joey DeLeon, Esq. (SBN 150974)
3501 Jamboree Rd., North Tower, 4th Flr
Newport Beach, CA 92660
Telephone: (949) 509-4231
Facsimile: (949) 725-0619
Attorneys for Downey Savings

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| EARNEST ANTOINE LOVE<br><br>Debtor(s) | CHAPTER: 13<br>CASE NO.: 08-46468- EDJ<br>RS No. JDL-152 |
| DOWNEY SAVINGS AND LOAN ASSOCIATION F.A.,<br>Movant<br>v.<br>EARNEST ANTOINE LOVE, Debtor(s), and MARTHA G. BRONITSKY, Trustee<br>Respondents | **STIPULATION FOR ADEQUATE PROTECTION**<br>**(663 Durant Ave., San Leandro, CA)**<br><br>Hearing Date/Time: 7/10/2009 @ 10:00 a.m.<br>Judge: E. Jellen<br>Dept: 215 |

This Stipulation is between DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A. ("Downey"), and EARNEST ANTOINE LOVE, Debtor(s) herein, and is made with reference to the following facts:

**RECITALS**

A. Debtor has an interest in real property at **663 Durant Ave., San Leandro, CA** (the "Property"), that is encumbered by a Note secured by First Deed of Trust in favor of Downey.

B. A post-petition default has arisen under Downey's Note and Deed of Trust.

C. Debtor wishes to cure the post-petition delinquency owed to Downey.

THEREFORE, the parties hereby stipulate as follows:

**TERMS**

1. Debtor shall deliver to Downey, through its attorney of record, certified funds in the sum of **$1,700.00** on or before the July 10, 2009 hearing date, which shall be applied toward the July 2009 post-petition payment.

2. Commencing in August 2009, Debtor shall pay directly to Downey all post-petition payments and applicable late charges to accrue under Downey's Note and Deed of Trust on the Property. Each payment is currently **$1,700.00** (but is subject to change), and is due on the first day of the calendar month during which the same accrues, and a late charge of **$85.00** accrues with respect to any payment not received by Downey on or before the 16th day of the month during which the same is due. Debtor shall also timely pay and perform all post-petition obligations to accrue under Downey's Note and Deed of Trust, including the payment of real estate taxes, and the maintenance of insurance on the Property.

3. In addition to the payments required above, Debtor shall repay the post-petition delinquency to accrue for the months of December 2008 through June 2009, aggregating $7,310.00, in certified funds over six (6) months, at the rate of **$1,218.34** per month commencing **July 15, 2009**, and monthly thereafter until such delinquency is repaid in full.

4. Downey shall file an amended Proof of Claim to include Downey's attorney's fees and costs incurred in the within case, which shall be repaid through Debtor's Chapter 13 Plan. Trustee shall be the disbursing agent for the claim, which shall be paid in full concurrently and pro rata with the other secured creditors. There shall be no modification of, or provision made with respect to, Debtor's Chapter 13 Plan that waives, reduces, diminishes, or otherwise affects Downey's rights

hereunder, or the sums to be distributed to Downey pursuant hereto, without prior written consent of Downey.

5. Any payment to be made or notice to be given to Downey shall be delivered only to: Downey Savings and Loan Association F.A., 3501 Jamboree Road, 3rd Floor, North Tower, Newport Beach, California 92660, Attention: Foreclosure Supervisor, or at such other place as may be noticed to Debtor, and shall reference loan number ******1445.

6. If Debtor(s) shall fail to make any of the payments or perform any other obligations in the time, amount, and/or manner required by this Order and/or Downey's Note and Deed of Trust, Downey shall mail notice of the default to Debtor, with a copy of the notice faxed to Debtor's attorney (if any). If the default is not wholly cured in certified funds within ten (10) days of the mailing of the notice, or upon the occurrence of the fourth or any subsequent default, Downey shall be released from the Stay provided under 11 U.S.C. §362(a) with respect to the Property without further notice, court hearing or order, and without any forbearance provided under Bankruptcy Rule 4001(a)(3). Only three (3) notices of default are required to be given by Downey. The cure of any default must contain any payment(s) that subsequently become due through the date of the cure. Downey's attorney's fees and enforcement costs are recoverable to the extent authorized by Downey's Deed of Trust and permitted by law.

9. This Stipulation may be executed in counterparts, and via facsimile.

DATED: June 30, 2009 ,

/s/ *Joey DeLeon* .
Joey DeLeon, Attorney for Downey Savings

DATED: June 30, 2009

/s/ *Jason Cline* .
Jason Cline, Esq., Attorney for Debtor(s)
Law Offices of Max Cline